## SUPREME COURT.

CHARLES J. KANE agt. NICHOLAS L. DEMAREST and FOSTER L. VAN NOSTRAND.

It is the usual practice, in setting aside a regular judgment, to make the order conditional, requiring payment of the *costs* incurred in entering it up. But where a judgment is obtained by default, through a misapprehension of defendant's attorney, and it appears clearly that the plaintiff has no *cause of action*, and should have known, if he did not, that he had none when he commenced proceedings, the judgment and execution (if any) will be set aside, *with costs of the motion,*

*New-York Special Term, Oct.,* 1856.

ROOSEVELT, Justice.   This action is brought on a promissory note of $1,000.  Although sued in the name of Charles J. Kane, the note, it is alleged, does not belong to Kane, but is held for Charles B. Huntington, to whom full payment has been made of all demands against the defendants, but who, nevertheless, wrongfully retains the note and prosecutes this suit.

These allegations, although the affidavit containing them has been duly served, are not denied by either Kane or Huntington.

Under such circumstances to allow a judgment, obtained by default in consequence of a misapprehension of defendants' attorney, to stand, would, in effect, be making the process of the court an instrument of fraud and oppression, instead of right and justice.

VOL. XIII.                          30

On examining the complaint, it appears that, although in-tended to have been sworn to by Kane, the jurat, for some reason unexplained, was not completed. The omission, taken in connection with the present silence of both Huntington and Kane, leaves no doubt of the truth of the averments made by the defendants as to the character of the transaction.

It is usual, in setting aside a regular judgment, to make the order conditional, requiring payment of the costs incurred in entering it up. A case like the present, however, it is obvious must be an exception to the general rule.

Ordered, that the judgment entered by the plaintiff, and the execution, if any, issued thereon, be vacated and set aside, and that the plaintiff pay to the defendants' attorney the costs of the motion.